STATE EX REL. OWEN, Attorney General, vs. ROGERS, Town Clerk.

*December 20—December 21, 1917.*

*Schools and school districts: Detachment of territory: Release of direct obligation for share of state loan.*

Ch. 370, Laws 1915, which detached a town from a free high school district and provided that it should "be liable for its just share of all liabilities, likewise credited with its just share of all assets of said district," did not release the town from its direct obligation to the state for its share of a loan theretofore made from the state trust funds to the district.

ACTION of *mandamus,* brought originally in this court, to compel the town clerk of the town of Kimball in Iron county to place upon the tax roll for 1917 the proportionate share of said town of the amount due for the years 1915, 1916, and 1917 upon a loan of $25,000 made from the state trust funds to the Union free high school district, composed of the towns of Kimball, Saxon, and Gurney. The loan was made to the district in 1914. By ch. 370 of the Laws of 1915 all the territory of the town of Kimball was detached from the district. The act provided that the detached territory "shall be liable for its just share of all liabilities, likewise credited with its just share of all assets of said district." For each of the years 1915, 1916, and 1917 the secretary of state certified to the county clerk of Iron county the amount due from the town of Kimball upon this loan, and each year the county clerk certified said amount to the town clerk, but the latter refused to place the same upon the tax roll on the ground that the detached territory was not liable directly to the state; that the latter must collect from the district as now constituted, and then the town of Kimball must account to the district for its share of this debt as well as any other upon a final settlement of their accounts. Issue was joined by a demurrer to the return.

The cause was submitted for the plaintiff on the brief of the *Attorney General* and *E. E. Brossard,* assistant attorney general, and for the defendant on that of *A. W. MacLeod* of Washburn.

On December 21, 1917, it was adjudged that the demurrer to the return be sustained and that a peremptory writ of *mandamus* issue as prayed for in the petition.

The following opinion was filed January 5, 1918:

VINJE, J. Was the detached territory released from its direct obligation to the state for its share of the loan? Defendant claims an affirmative answer should be given this

question because the legislature in the act detaching it provided for an adjustment of assets and debts between the district and it, and therefore released the detached territory from any direct obligation to the state. It is argued that the legislature can do what the commissioners of public lands can do, and that a consent given by them under sec. 258$d$, Stats. 1915, wherein it is provided that the boundary of a district to which a loan has been made "shall not be changed or altered so as to exclude therefrom any land included therein at the time of the making of such loan, until such loan shall be fully paid, without the consent of the commissioners of public lands," operates to discharge the detached territory from a direct liability to the state. We do not find it necessary to decide that question here because we are not dealing with an act of the commissioners but of the legislature. It is sufficient to suggest merely a doubt as to whether such a result would follow the consent of the commissioners.

A brief reference to a few statutory provisions governing the loaning of the trust funds will, we think, conclusively show that the legislature, by providing for an adjustment of debts and assets between the detached territory and the district, did not intend to repeal such provisions. Sec. 258$b$, Stats. 1915, provides that before a loan can be made to a school district a certified copy of a resolution of said district providing for the collection of a direct annual tax sufficient to pay the interest and principal of the loan within a specified time, must accompany the application for the loan. And sec. 258$d$ provides that "All the taxable property in any school district . . . which has obtained or shall obtain any loan from the state or any of its trust funds shall stand charged for the payment of the principal and interest thereof."

In view of these specific statutory provisions requiring the levy of a tax upon the property of a district sufficient to pay the loan with interest before it is made, and the declara-

tion that the property of the district shall stand charged for the payment thereof, there is no force in an argument based upon implications from other language or upon a construction that would nullify the plainly expressed intentions of the legislature. The provision in the act of detachment that the territory set off should be liable for its share of the indebtedness and credited with its share of the assets of the district is in no wise inconsistent with the town's direct liability to the state for its share of the loan. The status of this loan was fixed when made. All the property of the district stood charged with its payment—the town of Kimball with its proportionate share. Such being the express mandate of the written law, the provision of the later act cannot be construed to discharge the detached portion from the direct liability created when the loan was made. It is conceded that the defendant has acted in good faith and upon advice of counsel in refusing to put the certified amounts upon the tax roll, hence no costs will be taxed in favor of either party.

*By the Court.*—Let a peremptory writ issue commanding the defendant *J. P. Rogers,* as town clerk of the town of Kimball, to insert in the present tax roll of his town the sum of two thousand seven hundred and ninety-one dollars and sixty-nine cents ($2,791.69) to pay its share of the loan together with accrued penalties, for the years 1915, 1916, and 1917.